James Crawford Orr (JCO-1870)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
33 Washington Street
Newark, NJ 07102-3017
(973) 735-6100

Jeffrey L. Kessler
James P. Smith III
DEWEY & LEBOUEF LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

*Attorneys for Defendants,*
*Panasonic Consumer Electronics Company and*
*Panasonic Corporation of North America*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| SHANE ROBERT HUGHES, on behalf of himself and all other similarly situated, | : : : | **DOCUMENT ELECTRONICALLY FILED** |
| Plaintiff, | : : | Civ. No. 2:10-cv-00846-SDW-MCA |
| vs. | : : | |
| PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA, and PANASONIC CORPORATION OF NORTH AMERICA, | : : : : : : | |
| Defendants. | : x | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

---

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................2

FACTUAL BACKGROUND ...........................................................................4

  A.  The Parties ............................................................................................4

  B.  The Complaint .......................................................................................5

ARGUMENT ...............................................................................................6

  I.  THE STANDARD ..................................................................................6

  II.  PLAINTIFF CANNOT STATE A CLAIM UNDER THE NJCFA ......................7

      A.  Choice of Law Issues Preclude Application of the NJCFA.............................8

          1.  The Court Must Engage In A Choice Of Law Analysis .........................8

          2.  A Choice Of Law Analysis Points To The Application
              Of Alabama Law..................................................................11

      B.  Basic Canons Of Statutory Construction and The Commerce Clause
          Preclude Application Of The NJCFA To Sales Outside New Jersey ...........14

      C.  Plaintiff's Complaint Fails to State a Claim Under Either The
          ADTPA Or The NJCFA..............................................................16

  III.  PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH
     OF WARRANTY ................................................................................20

      A.  Plaintiff's Breach Of Express Warranty Claim Is Barred As A
          Matter of Law ........................................................................20

      B.  The Complaint Fails To State A Claim For Breach Of Implied Warranty......23

  IV.  PLAINTIFF HAS NOT STATED A CLAIM FOR UNJUST ENRICHMENT ......25

      A.  Plaintiff's Claim Fails Under Alabama Law ...................................27

      B.  Plaintiff's Claim Fails Under New Jersey Law ...............................28

CONCLUSION...........................................................................................30

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Agostino v. Quest Diagnostics Inc.*,
  256 F.R.D. 437 (D.N.J. 2009) .............................................................8, 9, 12, 13, 14, 24

*Arons v. Rite Aid Corp.*,
  No. BER-L-4641-03, 2005 WL 975462
  (N.J. Super. Ct. Law Div. Mar. 23, 2005) .......................................................19

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ....................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) ................................................................................6, 7

*BMW of N. Am., Inc. v. Gore*,
  517 U.S. 559 (1996) .....................................................................................15

*Brothers v. Hewlett Packard Co.*,
  No. 96-02254, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ......................................21

*Cambridge Eng'g, Inc. v. Robertshaw Controls Co.*,
  966 F. Supp. 1509 (E.D. Mo. 1997) .................................................................21

*Castro v. NYT Television*,
  851 A.2d 88 (N.J. Super. Ct. App. Div. 2004) .....................................................30

*Chattin v. Cape May Greene, Inc.*,
  581 A.2d 91 (N.J. Super. Ct. App. Div. 1990) .....................................................19

*Conley v. Gibson*,
  78 S. Ct. 99 (1957) .........................................................................................6

*Convoy Servicing Co. v. Trailmobile Trailer, LLC*,
  234 F. Supp. 2d 826 (N.D. Ill. 2002) ...............................................................27

*Cooper v. Bristol-Myers Squibb Co.*,
  No. 07-885 (FLW), 2009 WL 5206130 (D.N.J. Dec. 30, 2009).....................16, 17, 23

*Cooper v. Samsung Elecs. Am., Inc.*,
  No. 07-3853 (JLL), 2008 WL 4513924 (D.N.J. Sept. 30, 2008).........14, 17, 23, 26, 29

*Cooper v. Samsung Elecs. Am., Inc.*,
  No. 08-4736, 2010 WL 1220946 (3d Cir. Mar. 30, 2010)................................. *passim*

*D'Ercole Sales, Inc. v. Fruehauf Corp.*,
  501 A.2d 990 (N.J. Super. Ct. App. Div. 1985)................................................19, 20

*DiCarlo v. St. Mary Hosp.*,
  530 F.3d 255 (3d Cir. 2008)............................................................................30

*Dickinson v. Cosmos Broadcasting Co., Inc.*,
  782 So. 2d 260 (Ala. 2000) ............................................................................27

*Dittimus-Bey v. Golden*,
    No. Civ. A. 05-4707, 2006 WL 561900 (D.N.J. Mar. 1, 2006)....................................7

*Ex Parte Exxon Corp.*,
    725 So. 2d 930 (Ala. 1998).................................................................................12, 18

*Ex parte Gen. Motors Corp.*,
    769 So. 2d 903 (Ala. 1999).........................................................................................24

*Fink v. Ricoh Corp.*,
    839 A.D.2d 942 (N.J. Super. Ct. Law Div. 2003) ..............................11, 12, 13, 14, 15

*Hathaway v. Cedarburg Mut. Ins. Co.*,
    503 N.W.2d 5 (Wis. Ct. App. 1993) ..........................................................................21

*Heindel v. Pfizer Inc.*,
    381 F. Supp. 2d 364 (D.N.J. 2004) ...............................................................12, 13, 14

*In re Arbinet-thexchange, Inc.*,
    No. 05-4404(JLL), 2006 WL 3831396 (D.N.J. Dec. 28, 2006)....................................7

*In re Ford Motor Co. Ignition Switch Prods. Liabl. Litig.*,
    No. 96-3125, 2001 WL 1266317 (D.N.J. Sept. 30, 1997).........................................25

*In re Managed Care*,
    298 F. Supp. 2d 1259 (S.D. Fla. 2003) ......................................................................15

*In re MobileMedia Sec. Litig.*,
    28 F. Supp. 2d 901 (D.N.J. 1998) ..............................................................................18

*In re NorVergence, Inc.*,
    --B.R.--, 2010 WL 688053 (Bkrtcy. D.N.J. 2010)....................................................10

*In re Spair*,
    No. 05-31567, 2010 WL 147920 (Bankr. D.N.J. 2010) ............................................26

*In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.*,
    No. 08-939, 2009 WL 2940081 (D.N.J. Sept. 11, 2009)..................................7, 17, 25

*Jakubowski v. Minn. Mining & Mfg. Co.*,
    199 A.2d 826 (N.J. 1964)...........................................................................................25

*Johnson Mobile Homes of Ala., Inc. v. Hathcock*,
    855 So. 2d 1064 (Ala. 2003) ......................................................................................16

*Jordan v. Mitchell*,
    705 So. 2d 453 (Ala. Civ. App. 1997) ...........................................................26, 27, 28

*Kennedy v. Polar-Bek & Baker Wildwood P'ship.*,
    682 So. 2d 443 (Ala. 1996)....................................................................................27, 28

*Knox v. Samsung Elecs. Am., Inc.*,
    No. 08-4409, 2009 WL 1810728 (D.N.J. June 25, 2009)....................................2, 8, 14

*Lewis Tree Serv., Inc. v. Lucent Tech. Inc.*,
    211 F.R.D. 228 (S.D.N.Y. 2002) ...............................................................................15

*Mantiply v. Mantiply*,
   951 So. 2d 638 (Ala. 2006)....................................................................27

*Montgomery v. New Piper Aircraft, Inc.*,
   209 F.R.D. 221 (S.D. Fla. 2002) ..........................................................16

*N.J. Citizen Action v. Schering-Plough Corp.*,
   842 A.2d 174 (N.J. App. Div. 2003)......................................................18

*N.J. Citizen Action v. Schering-Plough Corp.*,
   No. L-7838-01, 2002 WL 32344594 (N.J. Sup. Law Div. May 12, 2002)...............18

*Nafar v. Hollywood Tanning Sys., Inc.*,
   339 Fed. Appx. 216, 220, 2009 WL 2386666 (3d Cir. Aug. 5, 2009)................8, 9, 13

*Nelson v. Xacta 3000 Inc.*,
   No. 08-5426 (MLC), 2009 WL 4119176 (D.N.J. Nov. 24, 2009)..................17, 29, 30

*Nimbus Techs. v. SunnData Prods., Inc.*,
   No. CV-04-CO-00312 W., 2005 WL 6133373 (N.D. Ala. Dec. 7, 2005)..................23

*P.V. ex rel. T.V. v. Camp Jaycee*,
   962 A.2d 453 (N.J. 2008)......................................................................8

*Portofino Seaport Village, LLC v. Welch*,
   4 So. 3d 1095 (Ala. 2008)...................................................................28

*Powers v. Lycoming Engines*,
   328 Fed. Appx. 121 (3d Cir. 2009)..........................................24, 26, 27

*Rampey v. Novartis Consumer Health, Inc.*,
   867 So. 2d 1079 (Ala. 2003)................................................................24

*Rhodes v. General Motors Corp. Chevrolet Div.*,
   621 So. 2d 945 (Ala. 1993)..................................................................25

*Rodio v. Smith*,
   587 A.2d 621 (N.J. 1991).....................................................................18

*Rybasack v. Travelers Ins. Co.*,
   190 A. 308 (N.J. Sup. Ct. 1937)...........................................................14

*Samuels v. Old Kent Bank*,
   No. 96 C 6667, 1997 WL 458434 (N.D. Ill. Aug. 1, 1997).........................27

*Shady Grove Orthopedic Associates, Inc. v. Allstate Insurance Co.*,
   No 08-1008, 2010 WL 1222272 (Mar. 31, 2010).......................................12

*Singer Mgmt. Consultants, Inc. v. Milgram*,
   608 F. Supp. 2d 607 (D.N.J. 2009) ......................................................21

*Torres-Hernandez v. CVT Prepaid Solutions, Inc.*,
   No. 3:08-cv-1057-FLW, 2008 WL 5381227 (D.N.J. 2008) ..................16, 17

*Vagias v. Woodmont Props., L.L.C.*,
   894 A.2d 68 (N.J. Super. Ct. App. Div. 2006).....................................12, 19

*Van Holt v. Liberty Mut. Fires Ins. Co.*,
    163 F.3d 161 (3d Cir. 1998).................................................................................19

*Vardaman v. Florence City. Bd. of Educ.*,
    544 So. 2d 962 (Ala. 1989)...................................................................................28

*VRG Corp. GKN Realty Corp.*,
    641 A.2d 519 (N.J. 1994)......................................................................................29

*Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*,
    No. 08-5380, 2009 WL 4730187 (D.N.J. Dec. 3, 2009)..................................... *passim*

*Welch v. Montgomery Eye Physicians, P.C.*,
    891 So. 2d 837 (Ala. 2004)...................................................................................27

*Wellcraft Marine, a Div. of Genman Indus., Inc. v. Zarzour*,
    577 So. 2d 414 (Ala. 1990)...................................................................................24

*Wieczenski v. The Brake Shop*,
    No. 93-5673, 1994 WL 111082 (D.N.J. Mar. 28, 1994) ............................................15

*Winslow v. Corporate Express, Inc.*,
    834 A.2d 1037 (N.J. Super. Ct. App. Div. 2003).........................................................30

**RULES**

Fed. R. Civ. P. 9(b) ..............................................................................................7, 16

Fed. R. Civ. P. 12(b)(6)................................................................................................6

**STATUTES**

Ala. Code §§ 7-2.................................................................................................24, 25

Ala. Code § 8-19 (2010) ...................................................................................... *passim*

N.J. Stat. Ann. § 56:8 (2010)..........................................................................12, 14, 19

**OTHER AUTHORITIES**

Alabama Law of Damages § 32:10 (5th ed.) (2009) ........................................................24

Restatement (Second) of Conflict of Laws § 148 .........................................................9, 27

## PRELIMINARY STATEMENT

This is a putative nationwide class action brought by an Alabama purchaser, Shane Robert Hughes, alleging violations of New Jersey's Consumer Fraud Act ("NJCFA"), breaches of warranty and unjust enrichment based on what he contends was a scheme to mislead purchasers of Panasonic's Viera plasma televisions (the "TVs") in 2008-09.  Plaintiff alleges that he suffered economic loss when the minimum luminance or "black level" of his TV increased after several hundred hours of use, thereby reducing the contrast ratio and image quality of his set below the levels at which it was performing at the time of delivery.  (Compl. ¶¶ 5; 11.)  The black level, Hughes alleges, increased because of an automatic voltage control which is designed to achieve the optimal picture performance throughout the life of the set.  (*Id.* ¶¶ 8; 19; 20.) Plaintiff claims that he was induced into purchasing the TV by marketing that characterized the TVs as having "industry leading" black levels, "high" contrast ratios and "excellent" or "superior" picture quality.  Tellingly, nowhere in the complaint does plaintiff allege when, where or under what circumstances these purported representations were made to him or, indeed, that any of them was untrue, even assuming the alleged change in black levels over time.  (*Id.* ¶¶ 4; 10, 11, 21; 27.)  As demonstrated below, plaintiff's complaint should be dismissed in its entirety.

*First*, as this Court's recent precedent makes clear, a plaintiff asserting a claim under the NJCFA must, among other things, plead specific facts that permit the Court to conduct a meaningful choice of law analysis.  Failing to plead such facts, as plaintiff has done here, mandates dismissal. *Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.* No. 08-5380, 2009 WL 4730187, at *3-4 (D.N.J. Dec. 3, 2009); *Knox v. Samsung Elecs. Am., Inc.*, No. 08-4409, 2009 WL 1810728, at *2-4 (D.N.J. June 25, 2009); *see also Cooper v. Samsung Elecs. Am., Inc.*, No. 08-4736, 2010 WL 1220946, at *4 n.5 (3d Cir. Mar. 30, 2010).

*Second,* plaintiff's NJCFA claim must also be dismissed because he is a non-New Jersey

2

resident and fails to allege that he received or relied on any purported misrepresentations, or purchased his TV, in New Jersey.  As the Third Circuit recently recognized, under New Jersey choice of law rules and related principles, claims of misrepresentation and fraud by non-New Jersey purchasers against corporations headquartered in New Jersey are governed by the consumer fraud statute of the plaintiff's home state, not the NJCFA.  *See Cooper*, 2010 WL 1220946, at *4.

*Third*, even if the Court were to conclude that the NJCFA could be applied to his consumer fraud claim, plaintiff's substantive allegations fail to state a claim under the statute (or the Alabama consumer fraud statute) because, among other things, he has failed to allege, in compliance with Federal Rule 9(b) (which applies to NJCFA claims sounding in fraud): (a) the "who, what, where and when" of any purported misrepresentation, (b) that the misrepresentations he claims Panasonic made were untrue, (c) with respect to his omission claim, any specific facts to show that an omission was made *knowingly* by Panasonic with the intent that consumers rely on it, and (d) that he suffered any ascertainable loss due to his purchase.

*Fourth*, plaintiff's express and implied breach of warranty claims fail as a matter of law. Under applicable Alabama law, both claims fail for lack of contractual privity.  Moreover, under either Alabama or New Jersey law, Hughes's express warranty claims are, according to his allegations, based on a "design defect," not a defect in materials and workmanship.  Design defects are not covered by his express warranty, which, in turn, specifically disclaims any other warranties.  Similarly, plaintiff's implied warranty claim fails because Hughes does not claim that his TV is not fit for its ordinary use as a television.  Further, plaintiff's "warranty claims" are nothing more than disguised fraud claims and, therefore, must also be alleged with sufficient

particularity to satisfy Rule 9(b).  They are not.

*Finally*, plaintiff's unjust enrichment claim must fail because a claim for unjust enrichment cannot be sustained where a valid contract relating to the same subject matter (here, the express warranty) exists between the parties.  Moreover, no such separate claim is recognized under New Jersey law.  In addition, plaintiff has not alleged -- nor could he -- that he expected to receive some form of remuneration from Panasonic or that he has no adequate remedy at law, as is required to state a claim for unjust enrichment in instances in which the claim is recognized.

## FACTUAL BACKGROUND[1]

### A.      The Parties

According to the complaint, plaintiff Shane Robert Hughes is a resident and citizen of Alabama who purchased a TV, model number TC-P50G10, on or about June 17, 2009.  (Compl. ¶ 1.)  He purports to bring this case as a nationwide class action under New Jersey law on behalf of a class of individuals and entities who own or purchased any 2008/2009 Panasonic model plasma TV.  (*Id*. ¶¶ 13; 39; 45.)  He does not allege where he purchased his TV, on what specific representations, if any, he relied in purchasing it, where the TV was designed or manufactured, whether he is still using the TV or whether he has taken any steps to "replace" it with another set or incurred any costs in connection therewith.

Defendant Panasonic Corporation of North America is a Delaware corporation with its principal places of business in New Jersey. Defendant Panasonic Consumer Electronics Company is an unincorporated divisional company of Panasonic Corporation of North America and is also headquartered in New Jersey.   (Both Defendants are referred to herein as "Panasonic".)

---

[1] For purposes of the instant motion, the allegations of the complaint are taken as true.  A true and correct copy of the complaint is annexed as Exh. A to the Orr Certification ("Orr Cert.").

**B.**  <u>**The Complaint**</u>

The complaint purports to assert claims for: (a) violation of the NJCFA (Compl. ¶¶ 50-55); (b) breach of express warranty (*id.* ¶¶ 56-65); (c) breach of implied warranty (*id.* ¶¶ 66-70); and (d) unjust enrichment (*id.* ¶¶ 71-80).  Specifically, plaintiff alleges that Panasonic (a) affirmatively misrepresented, in certain unspecified "advertisements, marketing materials, warranties and product guides" (*see, e.g.*, *id.* ¶ 21), that Panasonic products featured "industry leading" or "superior" black levels, "high" contrast ratios and "superior" or "excellent" overall picture quality (*id.* ¶¶ 28; 52; 67), and (b) failed to disclose to consumers, again in some amorphous, wholly unspecified "advertisements" or "marketing materials," "that the 'automatic voltage adjustment' increase would increase the television set's background brightness and minimum luminance level to a point where the television suffers a lower contrast ratio and less desirable image quality."  (*Id.* ¶ 11.)  The complaint alleges -- in wholly conclusory fashion -- that Panasonic "knew *or should have known*" this allegedly concealed information and that it "knew *or should have known*" that consumers would rely on statements that were rendered untrue by such omissions.  (*Id.* ¶¶ 12; 26; 46(a) & (c); 51; 53) (emphasis added).

In addition, ignoring the written express warranty that accompanied plaintiff's TV, the complaint alleges that Panasonic breached an express warranty "created by its affirmations of fact" -- without ever indicating what those affirmations of fact might be -- "regarding black levels, contrast ratios, and picture quality because the televisions do not perform as promised in those affirmations."  (Compl. ¶ 57.)  The complaint also avers that Panasonic breached an implied warranty: "[b]ecause the plasma televisions' image quality deteriorates[,] . . . Plaintiff's and the Class members' plasma televisions do not operate as represented, and the plasma televisions are not fit for their ordinary purpose in providing plasma display technology to the

user."  (*Id.* ¶ 69.)

Finally, the complaint purports to assert a claim of unjust enrichment, claiming (again in purely conclusory terms) that "[b]y purchasing the Plasma televisions, Plaintiff and the Class members conferred a benefit upon Defendants, without knowledge that the Plasma display picture would deteriorate prematurely and require out of pocket costs to replace."  (Compl. ¶ 74.)

## ARGUMENT

## I.      THE STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that an action should be dismissed where the complaint "fail[s] to state a claim upon which relief can be granted."  Recently, the Supreme Court held that its previous formulation of the notice pleading standard (in *Conley v. Gibson*, 78 S. Ct. 99 (1957)) had "earned its retirement," and proceeded to heighten the requirements for plaintiffs to state a valid claim.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007).

To survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65 (internal quotations omitted).  As the Supreme Court has explained, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Moreover, courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See id*. ("the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions," even when "couched as a factual allegation") (citation omitted).  A complaint must contain sufficient factual allegations which, if true, would establish "plausible grounds" for a claim: "the threshold requirement of Rule 8(a)(2) [is] that the 'plain statement' possess enough heft to show that the pleader is entitled to relief."  *Twombly*, 127 S. Ct. at 1966 (internal quotations omitted).  Allegations that are contradicted by documents incorporated by reference in the complaint may likewise be disregarded.  *See, e.g.*, *In re Arbinet-thexchange, Inc.*, No. 05-4404 (JLL), 2006 WL 3831396, at *2 n.5 (D.N.J. Dec. 28, 2006) (dismissing plaintiffs' claims where allegations were contradicted by documents referenced in complaint).

Further, where, as is the case with the NJCFA claim here, the claims sound in fraud, Rule 9(b) requires that the circumstances constituting the alleged fraud – the "who, what, where and when" -- be stated with even greater specificity.  Fed. R. Civ. P. 9(b); *see Warma*, 2009 WL 4730187, at *4-5; *In re Toshiba Am. HD DVD Mktg. and Sales Practices Litig.,* Civ. No. 08-939, 2009 WL 2940081, at *8 (D.N.J. Sept. 11, 2009); *see also Dittimus-Bey v. Golden*, No. Civ.A. 05-4707(JBS), 2006 WL 561900, at *2 (D.N.J. Mar. 1, 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal citations omitted).  Plaintiff has not come close to satisfying the requisite Rule 9(b) pleading standards.

## II.    PLAINTIFF CANNOT STATE A CLAIM UNDER THE NJCFA

Plaintiff's NJCFA claim should be dismissed for several independent reasons.  First, he does not plead sufficient allegations to permit a meaningful choice of law analysis.  Second, even if the Court were to reasonably infer that plaintiff purchased his television in Alabama, where he resides, and perform a choice of law analysis based upon that assumption, the analysis would

point squarely to the application of Alabama -- not New Jersey -- law.  Further, basic principles of statutory construction and the Commerce Clause preclude application of the NJCFA to consumer transactions that occur outside of New Jersey asserted by non-New Jersey residents. Finally, under either the Alabama statute or the NJCFA, the complaint fails to set forth the necessary facts to state a plausible claim.

### A.    Choice Of Law Issues Preclude Application Of The NJCFA

#### 1.    The Court Must Engage In A Choice Of Law Analysis

As this Court has held on numerous occasions, a court must engage in a choice of law analysis at the pleadings stage.  *See, e.g.*, *Warma*, 2009 WL 4730187, at *2-4; *see also Knox*, 2009 WL 1810728, at *2-4 (engaging in choice of law analysis on motion to dismiss, dismissing NJCFA claims and finding that Georgia law, where plaintiff purchased allegedly defective printer, would govern consumer fraud claim); *see also Cooper*, 2010 WL 1220946, at *4 n.5 ("We reject Cooper's argument that the District Court erred in resolving the choice-of-law determination as to his statutory consumer fraud act claim at the motion to dismiss stage, rather than wait until the class certification stage.").

New Jersey courts apply the Second Restatement's "most significant relationship" choice of law test for disputes, like those under the NJCFA, that sound in tort.  *See id.*, at *3; *Nafar v. Hollywood Tanning Sys., Inc.,* 339 Fed. Appx. 216, 220, 2009 WL 2386666, at *4 (3d Cir. Aug. 5, 2009); *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 457-60 (N.J. 2008); *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 461-62 (D.N.J. 2009) (holding that the most significant relationship test applies to NJCFA claims).  The "most significant relationship" test has two steps.  The first step is to examine the potentially applicable laws to determine whether an actual conflict exists.  *Nafar,* 339 Fed. Appx. at 220; *Warma*, 2009 WL 4730187, at *3.  If there is no

8

conflict, the Court will apply the law of the forum state.  *Warma*, 2009 WL 4730187, at *3.  If there is a conflict, the second step is to "weigh the facts enumerated in the section of the Restatement that corresponds to the cause of action," which, in cases of consumer fraud, is Section 148.  *Id.*; *Nafar*, 339 Fed. Appx. at 220; *see also Agostino*, 256 F.R.D. at 461-62.

Section 148 provides, in relevant part:

> (1)  When the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

> (2)  When the plaintiff's action in reliance took place in whole or in part in a state other than that *where the false representations were made*, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:

>> (a) the place, or places, *where the plaintiff acted in reliance upon the defendant's representations*,

>> (b)  the  place  *where  the  plaintiff  received  the representations*,

>> (c) the place *where the defendant made the representations*,

>> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties,

>> (e) the place *where a tangible thing which is the subject of the transaction between the parties was situated at the time*, and

>> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148 (emphasis added); *see also Agostino*, 256

F.R.D. at 463.  Thus, to conduct an analysis under either Section 148(1) or 148(2), the Court would need to know, at a minimum, where the plaintiff purchased the product and where the alleged misrepresentations were made and/or relied upon.  Here, plaintiff has pled none of these factors.  The Court thus cannot conduct a choice of law analysis and the NJCFA claim must be dismissed.  *See Warma*, 2009 WL 4730187, at *3-4; *see also In re NorVergence, Inc.*, --B.R.--, 2010 WL 688053, at *31 (Bkrtcy. D.N.J. 2010) ("The Complaint itself is silent with respect to what the contacts were between each of the alleged NorVergence Clients and Defendants, where the contacts originated, where the alleged 'injury' occurred and the sales contracts were executed."; "in order to make a determination what state's law must guide the disposition of the case as hand, the Court is in need of the information above, something the operative Complaints fail to provide.").

In *Warma*, decided by this Court less than six months ago, a non-New Jersey resident alleged that Samsung, whose principal place of business is in New Jersey, violated, *inter alia*, the NJCFA in connection with the design, manufacture and sale of allegedly defective printers. *Warma*, 2009 WL 4730187, at *1-2.  Like here, the plaintiff in that case failed to allege facts critical to a Section 148 analysis.  Specifically, the Court noted the plaintiff's failure to "specify *where* the printer at issue was purchased, *where* it was used, or *where* plaintiff's actions -- in purchasing replacement toner cartridges -- took place."  *Id.* at *4 (emphasis in original).  In addition, the Court noted that, outside of a conclusory allegation that the defendant's conduct "emanated" from New Jersey, the plaintiff had "failed to allege *any* specific facts establishing the qualitative nature of the contacts between the State of New Jersey and the allegations forming the basis of its consumer fraud claim."  *Id.* (emphasis in original).  As such, the Court concluded that it was "unable to engage in a meaningful choice of law analysis" and dismissed

the plaintiff's NJCFA claim (noting that the same pleading deficiencies that precluded a choice of law analysis doomed the complaint under Rule 9(b)).

Hughes's complaint fares no better.  He does not allege where he purchased his TV.  He does not allege on what advertising, marketing materials or other representations, if any, he relied in doing so, let alone where he saw, heard, received or relied on any such representations. He does not plead where he used the TV or where he took any subsequent actions in connection therewith.[2]  Instead, just like the plaintiff in *Warma*, Hughes merely pleads that he is a non-New Jersey citizen and resident (Compl. ¶ 14), that the defendants have their principal places of business in New Jersey (*id.* ¶¶ 2, 15), that defendants' marketing efforts "were created and orchestrated from its headquarters in New Jersey" (*id.* ¶36) and that a "substantial part of the events giving rise to the claims at issue" "emanated" from New Jersey (*id.* ¶ 17).  Under *Warma*, that is simply not enough.

2.      A Choice Of Law Analysis Points To The Application Of Alabama Law

Even if the Court were to draw the reasonable inference from his allegations of citizenship and residency that plaintiff purchased his television in Alabama and were to conduct a choice of law analysis on that basis, the NJCFA claim would still fail because such an analysis would point clearly to the application of Alabama law.

Alabama's Deceptive Trade Practices Act ("ADTPA") and the NJCFA differ in numerous significant respects.  First, while the NJCFA permits individuals to bring class actions for violations of the statute, *see Fink v. Ricoh Corp.*, 839 A.D.2d 942, 974, (N.J. Super. Ct. Law Div. 2003), the ADTPA expressly prohibits individuals from bringing an action on behalf of a

---

[2] He does plead that he "purchased said television for his own personal, *household* use." (Compl. ¶ 3 (emphasis added).)  Given that plaintiff allegedly resides in Alabama (*id.* ¶ 14), this suggests that the TV was purchased for use in his home in Alabama.

class, *see* ALA. CODE § 8-19-10(f) (2010); *Ex parte Exxon Corp.*, 725 So. 2d 930, 933 (Ala. 1998) (rejecting proposed application of NJCFA and decertifying class because "Alabama law does not allow consumers to bring class actions based on deceptive trade practices").[3]  Second, "[i]n New Jersey the assessment of treble damages and attorney's fees is mandatory when a violation of the Consumer Fraud Act has been proved."  *Heindel v. Pfizer Inc.*, 381 F. Supp. 2d 364, 374 (D.N.J. 2004) (quotations omitted); N.J. STAT. ANN. § 56:8-19 (2010).  In Alabama, however, treble damages are discretionary under the ADTPA.  ALA. CODE § 8-19-10(a) (2010).  Third, the NJCFA does not require the showing of knowledge or intent for an affirmative unlawful act, while the ADTPA provides that the absence of knowledge is a defense.  *Compare* N.J. STAT. ANN. §56:8-2 (2010) *with* ALA. CODE § 8-19-13 (2010).[4]

Accordingly, courts have concluded that there is an actual conflict between the consumer protection statutes of Alabama and New Jersey.  *See, e.g.*, *Ex parte Exxon Corp.*, 725 So. 2d 930, 932-34 (Ala. 1998) (applying Alabama's consumer fraud statute because of a conflict with New Jersey's consumer fraud statute); *see also Fink*, 839 A.D.2d at 974-82 (finding "numerous conflicts" between the NJCFA and the consumer protection laws of other states and listing all of the aforementioned differences as actual conflicts); s*ee also Heindel*, 381 F. Supp. 2d at 374 (finding an actual conflict based, in part, on discretionary versus mandatory damages); *Agostino*,

---

[3] The United States Supreme Court's recent decision in *Shady Grove Orthopedic Assocs., Inc. v. Allstate Ins. Co.*, No 08-1008, 2010 WL 1222272 (Mar. 31, 2010), does not affect this conclusion, as the limitation on class actions is included within the Alabama consumer fraud statute that creates the cause of action (ADTPA Section 8-19-10), as opposed to Alabama's procedural code, and defines the scope of the state-created right.  ALA. CODE § 8-19-10(f) (2010).  *See Shady Grove*, 2010 WL 1222272, at *16 (Stevens, J., concurring in part and concurring in judgment).

[4] Significantly, however, knowledge and intent *are* elements of an NJCFA claim premised on an alleged omission.  *Vagias v. Woodmont Props., L.L.C.,* 894 A.2d 68, 71 (N.J. Super. Ct. App. Div. 2006) ("The prohibited affirmative acts do not require proof of intent to mislead."; "On the other hand, the [NJCFA] specifically provides that acts of omission must be 'knowing' and committed with 'intent' to induce reliance") (citing N.J. STAT. ANN. § 56:8-2).

256 F.R.D. at 461-62 (citing, *e.g.*, *Fink*, 839 A.2d 942); *Nafar*, 339 Fed. Appx. at 220 (citing *Agostino*, 256 F.R.D. 437).

Because there is a conflict, the Court must proceed to analyze whether, under Section 148, New Jersey has a greater relationship to the occurrence and the parties than Alabama. *See* Section II(A)(1), *supra* (discussing Section 148 factors). In that regard, given that plaintiff has failed to allege where he purchased the TV, received and relied upon Panasonic's purported misrepresentations with respect thereto or used the TV after purchase, the only reasonable inference from plaintiff's allegations of residency, citizenship and that he purchased his TV for "household" use, is that most if not all of those activities took place in his home state of Alabama. *Cf. Cooper*, 2010 WL 1220946, at *4; *Nafar*, 339 Fed. Appx. at 221. Thus, the Section 148 factors demonstrate that there is a presumption that the ADTPA, not the NJCFA, applies to Hughes's consumer fraud claim.

Nor do the principles delineated in Section 6 of the Restatement rebut the Section 148 presumption in favor of application of the ADTPA. To the contrary, as this Court has held on multiple occasions under similar circumstances, each of the applicable factors in Section 6 counsel against application of the NJCFA. Specifically: (a) the interests of interstate comity favor application of the law of plaintiff's residence; (b) the interests of the parties has little applicability in the field of torts; (c) Alabama has an interest in protecting consumers like plaintiff from injuries caused by foreign corporations within its borders; (d) the competing interests of New Jersey and Alabama favor application of Alabama law under such circumstances; and (e) the interests of judicial administration "must yield to strong state interests implicated by the remaining factors." *See, e.g.*, *Agostino*, 256 F.R.D. at 462-63; *see also Heindel*, 381 F. Supp. 2d at 377; *Nafar*, 339 Fed. Appx. at 221 (citing *Agostino*, 256 F.R.D. 437).

This Court has repeatedly held in similar consumer fraud cases that the law of the state where the plaintiff purchased the allegedly defective product governs. *See, e.g.*, *Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *6-7 (D.N.J. Sept. 30, 2008), *aff'd*, 2010 WL 1220946 (3d Cir. Mar. 30, 2010), *Knox,* 2009 WL 1810728, at *2-4, *Agostino*, 256 F.R.D. at 462-63, *Heindel*, 381 F. Supp. 2d at 378; *Fink*, 839 A.2d at 988. Indeed, just last month, the Third Circuit, exercising its plenary review over the district court's choice of law determinations, affirmed the district court's decision that a non-New Jersey resident is not entitled to sue under the NJCFA, when a television is marketed, purchased and used outside of New Jersey, merely because the defendant's headquarters are located in New Jersey. *See Cooper*, 2010 WL 1220946, at *4.

### B.   Basic Canons Of Statutory Construction And The Commerce Clause Preclude Application Of The NJCFA To Sales Outside New Jersey

In addition to choice of law considerations, basic cannons of statutory construction and Constitutional concerns likewise preclude application of the NJCFA to plaintiff's claim. The statute under which plaintiff purports to bring his claims -- the NJCFA -- provides, in relevant part, that:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . is declared to be an unlawful practice.

N.J. STAT. ANN. §56:8-2 (2010).

In New Jersey, a statute is presumed to apply only *within* the state, absent *express language* providing for its extraterritorial application. *See*, *e.g.*, *Rybasack v. Travelers Ins. Co.*, 190 A. 308, 310 (N.J. Sup. Ct. 1937). Nowhere does the NJCFA state, suggest or in any way

imply, however, that it is to apply to alleged deception in connection with consumer transactions by non-New Jersey residents *outside* New Jersey.  To the contrary, a number of courts, including this one, have observed that the NJCFA was intended for the protection of *New Jersey* consumers.  *See, e.g., Wieczenski v. The Brake Shop*, Civ. A. No. 93-5673, 1994 WL 111082, at *5 (D.N.J. Mar. 28, 1994) (recognizing that the NJCFA was "designed to protect *New Jersey citizens* from consumer and commercial fraud and misrepresentation") (emphasis added); *see also In re Managed Care Litig*., 298 F. Supp. 2d 1259, 1297 (S.D. Fla. 2003) ("the New Jersey Consumer Fraud Act . . . can have no application to Plaintiffs that neither reside . . . nor have engaged in a relevant transaction in [the] State").

Moreover, assuming plaintiff purchased his television outside of New Jersey in his home state of Alabama, plaintiff's invocation of the NJCFA would call for an inappropriately broad extraterritorial application of the NJCFA.  This sweeping interpretation of the NJCFA would, in fact, violate the Commerce Clause of the United States Constitution, which prohibits states from imposing their own policy choices on sister states.  *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 571-73 (1996).  Put simply, New Jersey may not, consistent with the Commerce Clause, regulate consumer transactions wholly extraterritorially (in this case, in Alabama), without regard to whether the alleged fraud took place within New Jersey.  *See, e.g., In re Managed Care Litig*., 298 F. Supp. 2d at 1297.[5]

---

[5] *See also Fink v. Ricoh Corp.,* 839 A.2d 942, 983 (N.J. Super. Ct. Law Div. 2003) ("[t]he interests of interstate comity clearly require application of the law of any potential claimant's state of residence because application of any other state's law would frustrate the domiciliary state's legislative policies") (internal quotation marks omitted); *see Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 233 (S.D.N.Y. 2002) ("There is no basis from which to conclude that sales made by the defendants, to class members who are scattered throughout the country, would provide a basis for those individuals . . . to bring claims under the NJCFA. . . . The plaintiffs have provided no legal basis from which to conclude that the NJCFA covers sales occurring outside New Jersey, to non-New Jersey residents without any connection to New

### C. Plaintiff's Complaint Fails To State A Claim Under Either The ADTPA Or The NJCFA

As demonstrated above, the ADTPA likely governs Plaintiff's consumer fraud claims. But under either the ADTPA or the NJCFA, plaintiff has failed to meet the pleading standards for such a consumer fraud claim. Because this claim sounds in fraud, Federal Rule of Civil Procedure 9(b) requires that it be pled with specific facts concerning the who, what, where and how of the misrepresentations alleged. Fed. R. Civ. P. 9(b); *see also Cooper v. Bristol-Myers Squibb Co.*, No. 07-885 (FLW), 2009 WL 5206130, at *7 (D.N.J. Dec. 30, 2009) (applying Rule 9(b) to plaintiff's ADTPA claim because such claim involved allegations of fraud); *Warma*, 2009 WL 4730187, at *5 (same with regard to NJCFA claim). A claimant must support allegations of fraud with facts *specific to the plaintiff*, not generalized facts, and must communicate the "who, what, when, where and how" of the events at issue. *Bristol-Myers Squibb Co.*, 2009 WL 5206130, at *7 (citations omitted); *see also Torres-Hernandez v. CVT Prepaid Solutions, Inc.*, No. 3:08-cv-1057-FLW, 2008 WL 5381227, at *6 (D.N.J. 2008) ("After reviewing Plaintiff's Complaint, the Court finds no specific factual allegations, the what, where, and when of Defendant's alleged misrepresentations, necessary to sustain a cause of action under the NJCFA."). The plaintiff must also allege with specificity "the connection between [d]efendants' conduct and [p]laintiff's resultant injury." *Bristol-Myers Squibb Co.*, 2009 WL 5206130, at * 9; *see Johnson Mobile Homes of Ala., Inc. v. Hathcock*, 855 So. 2d 1064, 1067 (Ala. 2003) (common law requirement for proof of reliance on a misrepresentation applies in the consumer fraud act context). The complaint here does none of the above.

---

Jersey."); *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 228 (S.D. Fla. 2002) (denying certification of nationwide class on grounds, *inter alia*, that "the commerce clause precludes [Florida's consumer fraud statute] from applying to all putative class members' claims").

Hughes alleges that Panasonic represented through unspecified "advertisements, marketing materials, warranties and product guides" that its products would produce "industry leading" black levels, "high" contrast ratios and "superior" or "excellent" overall picture quality. (Compl. ¶¶ 21; 28; 52; 67.)  Like the plaintiff in *Bristol-Myers*, however, Hughes fails to identify any specific advertisements, marketing materials, warranties, or product guides that he viewed, from whom or where he received such information, how, if at all, he was misled by these materials, and how, exactly, he was injured (including, among other things, whether he has taken any steps to "replace" his TV with another set or incurred any costs in connection therewith). *See Bristol-Myers Squibb Co*., 2009 WL 5206130, at *9; *see also Torres-Hernandez,* 2008 WL 5381227, at *6 ("Plaintiff fails to supply any details as to the character of the marketing and advertising materials" (citing *Cooper*, 2008 WL 4513924, at *8)); *Nelson v. Xacta 3000 Inc*., No. 08-5426 (MLC), 2009 WL 4119176, at *5 (D.N.J. Nov. 24, 2009) ("The Court finds that the allegations in the Amended Complaint lack the requisite specificity-who, what, and where-to sustain a cause of action under the NJCFA"); *In re Toshiba*, 2009 WL 2940081, at *13 ("Regarding . . . causation [under the NJCFA], Plaintiffs fail to allege when Toshiba made its alleged misrepresentations and when, if ever, the Plaintiffs were exposed to those misrepresentations.  With respect to the alleged omissions by Toshiba, the Plaintiffs similarly do not plead facts -- only conclusions -- when they allege that they would not have purchased the HD DVD Players or paid a premium for the HD DVD Player if Toshiba had disclosed . . . ."); *Solo v. Bed Bath & Beyond, Inc.,* No. 06-1908, 2007 WL 1237825, at *3 (D.N.J. Apr. 26, 2007) ("Plaintiff fails to specifically allege that what he did receive was of lesser value than what was promised . . . or that he experienced a measurable out-of-pocket loss because of his purchase.

Therefore, Plaintiff has failed to set forth either an out-of-pocket loss or a demonstration of loss in value sufficient to satisfy the ascertainable loss requirement.")

As in *Bristol-Myers*, all of this information is within plaintiff's knowledge but glaringly absent from the complaint. *Bristol-Myers Squibb Co*., 2009 WL 5206130, at *9. Hughes's sweeping allegations are insufficient to satisfy the pleading standards of Rule 9(b) and should therefore be dismissed.[6]

In addition, plaintiff does not even allege that any of these purported representations by Panasonic were untrue. Nowhere in his complaint does he assert that, after the voltage adjustment had occurred, the black levels of his TV were inferior to any of Panasonic's competitors, that the contrast ratio was no longer high or that the overall picture quality was anything less than excellent. Rather, he merely alleges that they were no longer at the same levels as when he first began use of the set. Nor does the complaint cite any alleged misrepresentations by Panasonic that would not constitute inactionable "puffery" or sales talk as a matter of law.[7]

---

[6] Moreover, as noted above, to the extent plaintiff seeks to invoke the ADTPA, he cannot bring this action on behalf of a class. The ADTPA expressly precludes individuals from bringing class actions under the statute. *See* ALA. CODE 8-19-10(f) (2010). Indeed, courts have decertified classes under the ADTPA. *See Ex parte Exxon*, 725 So.2d at 934 (holding that "because Alabama law prevents consumers from representing a class seeking relief for a defendant's alleged deceptive trade practices, the current class representatives cannot maintain this action as a class action").

[7] *E.g.*, *Rodio v. Smith,* 587 A.2d 621, 624 (N.J. 1991). In *N.J. Citizen Action v. Schering-Plough Corp.,* No. L-7838-01, 2002 WL 32344594 (N.J. Sup. Law Div. May 12, 2002), for example, plaintiffs alleged that defendant's advertisement that by using its allergy medicine "with allergy control that doesn't make you drowsy, you . . . can lead a normal nearly symptom-free life again" constituted "a guarantee of total and universal effectiveness of the product." *Id.* at *3. The Appellate Division found that contention "meritless" because the advertisements did not express a "statement of fact" but, rather, were "merely expressions in the nature of puffery and thus . . . not actionable." *N.J. Citizen Action v. Schering-Plough Corp.,* 842 A.2d 174, 177 (N.J. App. Div. 2003); *see also In re MobileMedia Sec. Litig.,* 28 F. Supp. 2d 901, 938 (D.N.J. 1998) (finding phrase "best in customer service" non-actionable puffery).

18

Accordingly, plaintiff falls back on the allegation that the automatic voltage adjustment was required to be disclosed but was "omitted" from the same unidentified "advertising" and "marketing materials" to which he vaguely alludes in connection with his affirmative misrepresentation claims.   In addition to failing to identify with specificity from what materials this information was purportedly omitted, and how, in his particular case, this omission caused him injury, Hughes fails to allege specific facts to demonstrate, as required for an omission claim under the NJCFA, that Panasonic had *knowledge* of the alleged omission and *intended* consumers to rely on it; rather, he alleges that the Company "knew or *should have known*" of the purported omission (Compl. ¶ 46(a) (emphasis added).)   That is insufficient. *Vagias*, 894 A.2d at 71 (NJCFA "specifically provides that acts of omission must be 'knowing' and committed with 'intent' to induce reliance") (citing N.J. STAT. ANN. § 56:8-2).[8]

Plaintiff's purported NJCFA claim also fails because "mere customer dissatisfaction" is not sufficient to establish a violation of the NJCFA.  *See Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998); *Chattin v. Cape May Greene, Inc.*, 581 A.2d 91, 97 (N.J. Super. Ct. App. Div. 1990).  Rather, in order to state an NJCFA claim, conduct alleged, as here, to constitute a breach of warranty must be accompanied by "substantial aggravating circumstances," involving "truly unconscionable conduct."  *See, e.g.*, *Arons v. Rite Aid Corp.*, No. BER-L-4641-03, 2005 WL 975462, at *15 (N.J. Super. Ct. Law Div. Mar. 23, 2005) (holding that there was "nothing of record to suggest that the defendants' behavior warrants the powerful remedies of the NJCFA" where the dispute, "[a]t its core . . . revolves around the sale of goods and whether those goods conform to the representations made by defendants"); *D'Ercole Sales, Inc. v. Fruehauf Corp.*, 501 A.2d 990, 998-1001 (N.J. Super. Ct. App. Div.

---

[8] Under the Alabama statute, an intentional or knowing commission of a violation is required not just for omissions, but for affirmative misrepresentations as well.  ALA. CODE § 8-19-13 (2010).

1985) (holding that breach of warranty in connection with malfunctioning tow truck, even when combined with repeated refusals to repair, did not rise to the level of an "unconscionable" practice under the NJCFA).  There are no such allegations in the complaint here.

Even assuming, *arguendo*, that (a) the TVs automatic voltage control is a design "defect" (which it is not; it maintains the overall picture quality of the TV over its life (*see* Compl. ¶ 19)), *and* (b) Panasonic was under some legal duty to disclose that fact and had failed to do so, this would still fall far short of the type of egregious conduct that is required to support a claim under the NJCFA.  *See D'Ercole*, 501 A.2d at 1001 (noting that remedial damages are the traditional remedy for a breach of warranty so that "[i]f such an award is to be trebled, the . . . legislature must have intended that substantial aggravating circumstances be present") (citation omitted).

## III.   PLAINTIFF HAS NOT STATED A CLAIM FOR BREACH OF WARRANTY

### A.   Plaintiff's Breach Of Express Warranty Claim Is Barred As A Matter of Law

If there is a conflict between two states' breach of express warranty law, courts look to Restatement Section 188 for guidance in conducting a choice of law analysis.  *See, e.g., Spence v. Glock, GES.m.b.H*, 227 F.3d 308, 314 n.9 (5th Cir. 2000).  Here, once again, the two states whose laws might arguably apply to plaintiff's breach of express warranty claim are New Jersey and Alabama.  Those laws are clearly in conflict.  Whereas there is no requirement of privity of contract for a breach of express warranty under New Jersey law, *Arons,* 2005 WL 975462, at *22-23, in Alabama, "[t]he plaintiff must prove privity of contract in an action on an express warranty where no injuries to natural persons are involved."  *Barre Gulf Shores Turf Supply, Inc.,* 547 So.2d 503, 504 (Ala. 1989); *see also Arons,* 2005 WL 975462, at *23.

 Given this clear conflict, the Court must weigh the Restatement Section 188 factors which, based on the allegations here, mandate application of Alabama law.  Indeed, given the

paucity of plaintiff's allegations about where he purchased his television, in light of his allegations that he is an Alabama resident who purchased the TV for "household" use, the only logical conclusion is that plaintiff purchased his TV in Alabama and the TV still sits in Alabama. (*See* Compl. ¶¶ 3, 14.)  It follows that plaintiff entered into the express warranty in Alabama, the terms of the contract were to be performed in Alabama, the location of the subject matter of the warranty is Alabama, and, as plaintiff resides in Alabama, any alleged injury occurred there. *Cf.* *Agostino*, 256 F.R.D. at 464-65 (applying Restatement Section 188 and concluding New Jersey law did not apply notwithstanding that the defendant was headquartered in New Jersey and the alleged wrongdoing was said to have been conceived in New Jersey).

Because plaintiff has alleged no facts to establish contractual privity, the claim must be dismissed under Alabama law.[9]  Moreover, the claim would fare no better if New Jersey law applied.  To sustain a claim for breach of express warranty under New Jersey law, plaintiff must allege*, inter alia,* an actual breach of the contract between the parties.  *See Cooper*, 2010 WL 1220946, at *2 (quotations omitted).  Any such claim here fails for several reasons.

First, less than a month ago, the Third Circuit held that where the plain language of an express manufacturer's warranty covers defects in "materials and workmanship," claims of alleged defects of design cannot prevail under a breach of warranty theory.  *Cooper*, 2010 WL 1220946, at *2.  In *Cooper*, the plaintiff claimed that he purchased a Samsung television in

---

[9] Plaintiff does not allege from whom he purchased the TV, *i.e.*, directly from a retailer (in which case the express warranty included with the product might be deemed to put him in privity with Panasonic under Alabama law), or from a pawn shop, a friend, or some other indirect seller. Rather, the Complaint contains a single bald legal conclusion that plaintiff is in privity with Panasonic. (Compl. ¶ 68.)  In addition to the absence of privity, moreover, Plaintiff's breach of express warranty claim must be dismissed under Alabama law for the same reasons discussed below with respect to New Jersey law.  *See Ex Parte Miller*, 693 So.2d 1372, 1376 (Ala. 1997) (distinguishing limited warranties for "only defects in materials and workmanship" versus "broad language" warranties against "failures").

reliance on Samsung's marketing materials that the television was capable of accepting and displaying a high-quality video signal known as 1080p. *Id.* at *1. Several months later, however, the plaintiff learned that his television was incapable of accepting a 1080p signal. *Id.* The Court held that the plaintiff could not allege that Samsung breached the limited warranty included with the plaintiff's television, which covered "only 'manufacturing defects in materials and workmanship,'" because the television was "manufactured as designed." *Id.* at *2; *see also Brothers v. Hewlett Packard Co.*, No. 96-02254, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) (holding that, "[u]nlike defects in materials or workmanship, a design defect is manufactured *in accordance with* the product's intended specifications") (emphasis in original); *Cambridge Eng'g, Inc. v. Robertshaw Controls Co.*, 966 F. Supp. 1509, 1524 (E.D. Mo. 1997) (dismissing express warranty claim because a defect that "may have resulted from the design of the control's circuit" was not covered by warranty of "material and workmanship"); *Hathaway v. Cedarburg Mut. Ins. Co.*, 503 N.W.2d 5, 7 (Wis. Ct. App. 1993) (error by designer responsible for determining the necessary strength of a truss was not a case of "defective material" as that phrase was used in homeowner's policy provision).

The same result is required here.  As alleged in the complaint, Panasonic provided a written Limited Warranty with plaintiff's television that "ONLY COVERS failures due to defects in materials or workmanship . . . ."  (Compl. ¶ 56; Orr Decl. Exh. B (emphasis in original).)[10]  Accordingly, to allege a breach of the Limited Warranty, plaintiff must plead facts that demonstrate that his television suffered from a defect attributable to "materials or

---

[10] A true and correct copy of the Panasonic Plasma Television Limited Warranty alleged by plaintiff (the "Limited Warranty") is annexed as Exh. B to the Orr Decl.  This Court can, of course, consider the Limited Warranty in its entirety in deciding the instant motion, as it is specifically incorporated by reference in the complaint. *See, e.g.*, Compl. ¶¶ 9, 15, 21, 27, 56, 57, 60-64; *see also Singer Mgmt. Consultants, Inc. v. Milgram*, 608 F. Supp.2d 607, 614 (D.N.J. 2009).

workmanship."  Yet the complaint contains no such allegations.  Instead, like the complaint in *Cooper*, it alleges that a *design* defect somehow constitutes a breach of the express warranty. (*See*, *e.g.*, Compl. ¶ 20 ("Panasonic has defectively programmed and/or designed the televisions to rapidly cause voltage adjustments in excess of what is necessary to maintain picture quality over the television's lifespan."); *see also* Compl. ¶¶ 19, 26, 59.)  Indeed, plaintiff claims that this purported design defect affects *all* of Panasonic's Plasma TVs, which further demonstrates that he is complaining about a designed feature.  (Compl. ¶ 19 ("Panasonic designs its televisions to cause voltage adjustments which . . . are a necessary characteristic of all plasma televisions.").) These allegations do not state a claim for breach of express warranty because they are not claims about a defect in materials or workmanship.

Plaintiff attempts to avoid this conclusion by claiming that unspecified marketing materials issued by Panasonic regarding black levels, contrast ratio, and picture quality created a second express warranty outside of the Limited Warranty.  (*See* Compl. ¶¶ 57.)  Contrary to plaintiff's allegations, however, no separate express warranty could be created by such advertising and marketing materials related to plaintiff's television.  To the contrary, the Limited Warranty disclaims the existence of all other express warranties.  Limited Warranty, Orr Decl. Exh. B ("THERE ARE NO EXPRESS WARRANTIES EXCEPT AS LISTED . . . .").  Thus, the Limited Warranty governs.  *Cooper*, 2010 WL 1220946, at *2 (holding that a claim that "the design [of a television] deviated from [the] advertisements and packaging . . . cannot prevail under [a limited warranty against defects in materials and workmanship]").

23

In any event, plaintiff's "advertisements" and "marketing materials" warranty claim is a thinly veiled claim of fraud.[11]  Indeed, plaintiff alleges that Panasonic hoodwinked him into purchasing his television.  (*See*, *e.g.*, Compl. ¶ 27 ("Plaintiff . . . [is] subject to these false and fraudulent advertisements, marketing materials *and warranties* in purchasing the plasma televisions") (emphasis added).)[12]  As discussed in Section II, *supra*, claims sounding in fraud must be pled with particularity under Rule 9(b).  *See Warma*, 2009 WL 4730187, at *5; *see also Bristol-Myers Squibb Co*., 2009 WL 5206130, at *9 ("the Amended Complaint fails to identify which, if any, of the promotional or marketing materials were received, viewed or relied upon by Plaintiff, and if they were, when these materials were viewed and how they were relied upon"); *Cooper*, 2008 WL 4513924, at *8 (plaintiff's assertion that he relied on "unspecified marketing and advertising materials" related to allegedly defective television without any details "fails to provide the particularity required by Rule 9(b)").  Plaintiff cannot "end run" this pleading requirement by dressing his fraud claims up as a purported breach of warranty.

### B.   The Complaint Fails To State A Claim For Breach Of Implied Warranty

Plaintiff's claim for breach of implied warranty must likewise be dismissed.  As an initial matter, if there is a conflict between two states' breach of implied warranty law, New Jersey

---

[11] If this Court determines that plaintiff's breach of express warranty claim sounds in fraud, Restatement Section 148 guides the choice of law analysis and, as demonstrated in Section II(A), *supra*, Alabama law -- not New Jersey law -- applies.

[12] If this Court finds that the ADTPA applies and that Hughes's "warranty" claim sounds in fraud, the Court must, as a threshold matter and regardless of any ruling on particularity, either dismiss the "warranty" claim or the ADTPA claim.  The ADTPA includes a clause that states, "[a]n election to pursue the civil remedies prescribed in this chapter shall exclude and be a surrender of all other rights and remedies available at common law, by statute or otherwise, for fraud, misrepresentation, deceit, suppression of material facts or fraudulent concealment arising out of any act, occurrence or transaction actionable under this chapter."  ALA. CODE § 8-19-15 (2010).  *See Nimbus Techs. v. SunnData Prods., Inc.*, No. CV-04-CO-00312 W., 2005 WL 6133373, at *21 (N.D. Ala. Dec. 7, 2005) (plaintiff conceded that it waived its right to pursue a claim under ADTPA by pursuing common law causes of actions).

courts look to Restatement Section 188 to conduct a choice of law analysis.  *See, e.g.*, *Powers v. Lycoming Engines*, 328 Fed. Appx. 121, 126-27 (3d Cir. 2009) (holding that Section 188 factors apply to choice of law analysis for breach of implied warranty claims).  Once again, Alabama and New Jersey law differ.  Alabama law requires privity (Alabama Law of Damages § 32:10 (5th ed.) (2009) ("The decisions are consistent . . . in holding that there is no right of action on an implied warranty of merchantability . . . against a manufacturer for property damage without privity of contract"))[13] and New Jersey law does not.  Because of this conflict, as well as the Section 188 analysis discussed in Section III(B), *supra*, the most significant relationship test points to Alabama and, contrary to plaintiff's sole "allegation" of privity (Compl. ¶ 68.), an express warranty does not create it.  *See, e.g.*, *Rhodes v. Gen. Motors Corp., Chevrolet Div.*, 621 So. 2d 945, 947-48 (Ala. 1993).

The same result would also obtain under New Jersey law.  In New Jersey, the implied warranty of merchantability does *not* mean that "the goods are exactly as the buyer expected, but rather that the goods satisfy a minimum level of quality."  *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, No. 96-3125(JBS), 2001 WL 1266317, at *22 (D.N.J. Sept. 30, 1997); *see also Jakubowski v. Minn. Mining & Mfg. Co.,* 199 A.2d 826, 831 (N.J. 1964) ("The implied warranty of merchantability means that the product is reasonably fit for the purpose intended; it does not imply absolute perfection").  Thus, the implied warranty of merchantability simply requires that plaintiff's TV be capable of functioning as a television -- its ordinary purpose.  *See*

---

[13] In Alabama, this means that only the direct seller of the goods to the consumer is susceptible of such a claim: "[A] claim for breach of an implied warranty is not available against a manufacturer who was not involved in the transaction pursuant to which the complaining party purchased the product." *Rampey v. Novartis Consumer Health, Inc*., 867 So.2d 1079, 1087 (Ala. 2003); *see also Ex parte Gen. Motors Corp*., 769 So.2d 903, 910 (Ala. 1999) ("implied warranties are applicable only to sellers"); *Wellcraft Marine, a Div. of Genman Indus., Inc. v. Zarzour*, 577 So. 2d 414, 419 (Ala. 1990) (affirming directed verdict in favor of a boat manufacturer because it was not the seller of the boat); ALA. CODE §§ 7-2-314, -315, -318.

*Toshiba*, 2009 WL 2940081, at *17 (citations omitted) (the implied warranty of merchantability "demands that a car must be safe to drive, a toaster oven must be able to toast bread, and an HD DVD player be able to be used to play HD DVD discs"); *see also Ford*, 2001 WL 1266317, at *22 ("the implied warranty of merchantability is breached only where there is a defect in the vehicle that renders the vehicle unfit for its ordinary purpose of providing transportation for its owner"). Plaintiff's breach of implied warranty claim is thus legally deficient, since plaintiff admits that his television does, in fact, function as a television and his actual complaint is displeasure with the contrast ratio. (*See*, *e.g.*, Compl. ¶ 5.)[14]

## IV.   PLAINTIFF HAS NOT STATED A CLAIM FOR UNJUST ENRICHMENT

Finally, New Jersey's choice of law rules point to the application of Alabama law with respect to the unjust enrichment claim. When there is a conflict between two states' unjust enrichment laws, New Jersey courts look to Restatement Section 221 to determine which states' laws apply. *See*, *e.g.*, *Powers*, 328 Fed. Appx. at 126. As an initial matter, there are material differences between the laws of Alabama and New Jersey with respect to this claim. First, unlike Alabama, New Jersey does not recognize unjust enrichment as an independent tort cause of action. *Warma*, 2009 WL 4730187, at *7. Next, in Alabama, an enrichment is "unjust" only where the donor acted under a mistake of fact or misreliance on a right or duty, or the recipient procured the benefit through fraud, coercion or abuse of a confidential relationship, *Jordan v. Mitchell*, 705 So. 2d 453, 458 (Ala. Civ. App. 1997), whereas New Jersey does not require wrongdoing on the part of the defendant, *In re Spair*, No. 05-31567, 2010 WL 147920, at *5 (Bankr. D.N.J. Jan. 11, 2010) ("It is immaterial to an unjust enrichment analysis that [a party] did

---

[14] The same principle applies under Alabama law, where, in order to be merchantable, goods only need to be "fit for the ordinary purposes for which such goods are used." Ala. CODE § 7-2-314(2)(c) (2009).

not engage in any wrongdoing, it is enough that it is benefitting at another party's expense."). Additionally, under Alabama law, a plaintiff who makes a voluntary payment to a third party for a defendant's benefit has no right of action for money had and received unless the defendant "ratified the payment, or initially caused the payment to be made," *Jordan*, 705 So. 2d at 460, while New Jersey law does not permit claims for unjust enrichment in cases lacking a direct relationship (absent a mistake), *see Cooper,* 2008 WL 4513924, at *10.

Given the differences between the laws of the two states, the Court must conduct a choice of law analysis under Restatement Section 221, which outlines the factors that determine which state has a more significant relationship to the claims at issue for purposes of an unjust enrichment claim.  Under Restatement Section 221, that state is Alabama.  *See* Restatement (Second) Conflict of Laws § 221(2) (1971); *see also Powers*, 328 Fed. Appx. at 126.  Here, Hughes's "relationship" to Panasonic arose as a result of his purchase of the TV, which presumably occurred in Alabama; the act conferring the alleged "enrichment" on Panasonic -- again, the purchase of the TV --  presumably occurred in Alabama; Hughes resides in Alabama; and the TV is presumably located in Hughes's home Alabama.  *See Convoy Servicing Co.*, 234 F. Supp. 2d at 830-31 (N.D. Ill. 2002); *Samuels v. Old Kent Bank*, No. 96 C 6667, 1997 WL 458434, at *13 (N.D. Ill. Aug. 1, 1997).  These factors clearly outweigh the mere presence of Panasonic's headquarters in New Jersey and point to the application of Alabama law.  In any event, as set forth below, the claim fails under the law of either state.

A.      **Plaintiff's Claim Fails Under Alabama Law**

Alabama courts require unconscionable conduct on the part of the defendant in order to make a claim for unjust enrichment.  As the Alabama Supreme Court has held:

> The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one

27

> to be unjustly enriched at the expense of another.  One is unjustly enriched if his retention of a benefit would be unjust. The retention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been *unjustly* enriched.

*Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006) (citations omitted); s*ee also Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004); *Jordan*, 705 So. 2d, at 458. Here, plaintiff does not allege that he acted under a mistake of fact or misreliance on a right or duty, nor, as set forth above (Section II, *supra*), has he alleged adequately fraud or unconscionable conduct.

Plaintiff's claim fails for the additional reason that he does not allege that he purchased his television directly from Panasonic and therefore did not confer a benefit on it.  *See Dickinson v. Cosmos Broadcasting Co., Inc.*, 782 So. 2d 260, 266 (Ala. 2000) ("The essence of the theor[y] of unjust enrichment . . . is that a plaintiff can prove facts showing that *the defendant holds money* which, in equity and good conscience, *belongs to the plaintiff* or holds money which was *improperly paid to defendant* because of mistake or fraud") (emphasis added) (citations omitted). Moreover, under Alabama law, where a plaintiff has made a voluntary payment to a third party for a defendant's benefit, that plaintiff has no right of action for money had and received unless the defendant "ratified the payment, or initially caused the payment to be made." *Jordan*, 705 So. 2d at 460; *see also Portofino Seaport Village, LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008) (stating that it is a requirement of unjust enrichment under Alabama law that "one party must have conferred a benefit on another").  There is no such allegation here.

Finally, Alabama courts have held that where, as plaintiff alleges here, an express contract exists between two parties, the law will not recognize an implied contract regarding the same subject matter. *See, e.g., Kennedy v. Polar-Bek & Baker Wildwood P'ship.*, 682 So. 2d 443, 447 (Ala. 1996)*; Vardaman v. Florence City. Bd. of Educ.*, 544 So. 2d 962, 965 (Ala. 1989) ("It has long been recognized in Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter."). Because plaintiff alleges in the complaint that he was provided with an express warranty that afforded him certain rights and remedies with respect to alleged defects in his TV, there can be no claim for unjust enrichment.

### B.   Plaintiff's Claim Fails Under New Jersey Law

Even if the Court were to find that New Jersey law applies to plaintiff's claim, it would also fail. As a threshold matter, the claim must be dismissed because it is based on the assertion that he was misled by Panasonic and thereby sounds in tort.[15]  (*See* Compl. ¶¶ 72.)  This Court has held that such unjust enrichment claims sounding in tort are subject to dismissal because "New Jersey law does *not* recognize unjust enrichment as an independent tort cause of action." *Warma*, 2009 WL 4730187, at *7 (emphasis in original); *Nelson*, 2009 WL 4119176, at *7.

Moreover, the New Jersey Supreme Court has held that a plaintiff seeking to establish a claim for unjust enrichment must show that the defendant "received a benefit and that retention of that benefit without payment would be unjust," *and* that the "plaintiff . . . expected remuneration from the defendant at the time it performed or conferred a benefit on defendant." *VRG Corp. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *Nelson*, 2009 WL 4119176, at *7 ("the unjust enrichment doctrine requires that plaintiff show that it expected remuneration from

---

[15] If this Court determines that plaintiff's unjust enrichment claim is based on the assertion that he was misled and thereby sounds in tort, Restatement Section 148 guides the choice of law analysis and, as demonstrated in Section II(A), *supra*, Alabama law -- not New Jersey law -- would still apply.

the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights") (citation omitted).  A claim of unjust enrichment also requires that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.  *Nelson,* 2009 WL 4119176, at *7.

Where, as here, plaintiff may have purchased a product from a third party retailer (or from some other indirect seller), the direct relationship is lacking and the plaintiff cannot establish that he or she conferred a benefit on the remote manufacturer.  *See, e.g., Cooper*, 2008 WL 4513924, at *10 ("Here, although Cooper alleges that Samsung was unjustly enriched through the purchase of the television, there was no relationship conferring any direct benefit on Samsung through Cooper's purchase, as the purchase was through a retailer, Ultimate Electronics. . . . Cooper, therefore, did not confer a benefit on Samsung within the meaning of New Jersey's doctrine of unjust enrichment"); *Nelson*, 2009 WL 4119176, at *7 ("Plaintiffs allege that Kochamba purchased the Kinoki Pads at a Wal-Mart store, not from Idea Village. Thus, Plaintiffs' unjust enrichment claim against Idea Village fails under New Jersey law"); *see also DiCarlo v. St. Mary Hosp*., 530 F.3d 255, 268 (3d Cir. 2008) ("[I]n this case, plaintiff does not purport to have given anything at all to Defendants.  In the absence of a benefit conferred, there can be no claim for unjust enrichment").

Nor, in this case, can plaintiff establish that he expected remuneration at the time the benefit was allegedly conferred.  *See, e.g.*, *Nelson*, 2009 WL 4119176, at *7 ("Kochamba had no expectation of remuneration from Idea Village at the time she allegedly conferred a benefit on Idea Village by purchasing the Kinoki Pads [from a third party retailer]"); *Castro v. NYT Television*, 851 A.2d 88, 98 (N.J. Super. Ct. App. Div. 2004) ("liability [for unjust enrichment] will be imposed *only* if 'plaintiff expected remuneration from the defendant . . . at the time the

30

[alleged] benefit was conferred'") (emphasis added).

Finally, to the extent plaintiff seeks to bring an unjust enrichment claim on a quasi-contractual theory, it is well-settled in New Jersey that a claim for unjust enrichment cannot lie where a contract relating to the same subject matter out of which the claim allegedly arises exists between the parties. *See Winslow v. Corporate Express, Inc.*, 834 A.2d 1037, 1046 (N.J. Super. Ct. App. Div. 2003). Here, plaintiff alleges in the complaint that he was provided with an express warranty that afforded him certain rights and remedies with respect to alleged defects in his TV. The purported existence of such an agreement alone bars plaintiff's unjust enrichment claim. *See id.* Finally, restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law. *Nat'l Amusements, Inc. v. N.J. Tpk. Auth.,* 619 A.2d 262, 267 (N.J. Super. Ct. Law Div. 1992). Here, because plaintiff alleges exclusively economic injury, he has an adequate legal remedy. *See, e.g.*, *Crouch v. Johnson & Johnson Consumer Co., Inc.,* No. 09-CV-2905, 2010 WL 1530152, at *11 (D.N.J. April 15, 2010).

## CONCLUSION

For all of the foregoing reasons, Panasonic respectfully requests that this Court enter an order dismissing the complaint in its entirety for failure to state a claim.

Dated: April 27, 2010

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
33 Washington Street
Newark, NJ 07102-3017
(973) 735-6100

By:   s/James Crawford Orr
    James Crawford Orr (JCO-1870)
    *Attorneys for Defendants,*
    *Panasonic Consumer Electronics Company and*
    *Panasonic Corporation of North America*

*Of Counsel:*

Jeffrey L. Kessler
James P. Smith III
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
(212) 259-8000