# EXHIBIT A

Richard Golomb
**GOLOMB & HONIK**
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177

Joseph H. Aughtman *pro hac*
**FISCHER GOLDASICH & AUGHTMAN, LLC**
One Federal Place
1819 Fifth Ave North
Suite 1050
Birmingham, AL 35203
Telephone: (205) 423-8504

*Counsel for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE ROBERT HUGHES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PANASONIC CONSUMER ELECTRONICS COMPANY, A DIVISION OF PANASONIC CORPORATION OF NORTH AMERICA, AND PANASONIC CORPORATION OF NORTH AMERICA,**<br>Defendants. | Civ. No. 2:10-cv-<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Shane Robert Hughes (Plaintiff), on behalf of himself and all others similarly situated, allege the following against Defendants, Panasonic Consumer Electronics Company and Panasonic Corporation of North America ("Panasonic" or "Defendants"):

**SUMMARY OF CLAIMS**

1) On or about June 17, 2009, Plaintiff purchased a certain Panasonic Plasma Television having model number TC-P50G10 (S.N. ME91140353), which Television was manufactured, distributed and/or imported by the Defendant Manufacturers in April of 2009 and continues to be the owner of said television.

2) Defendant, Panasonic Consumer Electronics Company, A Division of Panasonic Corporation of North America (hereinafter referred to as "Manufacturer"), is a division of Defendant, Panasonic Corporation of North America corporation incorporated in the State of Delaware and, at all times relevant hereto, these entities were engaged in the manufacture, sale, distribution and/or importing certain Plasma Televisions, with both the division and its parent having its principal offices located in Secaucus, New Jersey.

3) The Plaintiff purchased said television for his own personal, household use.

4) Defendant Manufacturers marketed Plaintiff's television as having industry leading black levels and native contrast ratios. Deeper black levels and higher contrast ratios deliver more accurate and detailed colors in the final image which is produced on screen.

5) Plaintiff used said television until July of 2009 at which point the minimum luminance level (or black level) increased dramatically overnight. Upon seeing such, Plaintiff performed measurements on said television using an X-rite Eye One Display LT calibration meter and Color HCFR calibration software. In doing so, he discovered that said measurements had degraded from an initial contrast ratio of 4906:1 to a much less desirable 2348:1 after less than 400 hours use. This discrepancy was discovered to be attributed to an increase in the minimum luminance level of the television, an aspect that cannot be controlled or changed by the user. Since such time, these levels have been further increasing at incremental levels. In other words, the television is no longer producing the same image quality that Defendant Manufacturers had

represented it would produce. The color detail, depth and tone are no longer of same quality. Further, the Plaintiff's television now exhibits prevalent Image Retention beyond that expected from a properly functioning plasma television. The television now does not conform to the conditions as those which were advertised.

6) Sometime during September of 2009, Plaintiff contacted Defendants seeking to have the problems corrected on his television. Defendants documented Plaintiff's information and informed him that it would have its engineering team address the issue. Approximately two months passed and Defendants failed to respond to Plaintiff's complaint. Plaintiff then contacted said Manufacturer and inquired as to the status of his complaint. At such time, he confirmed that his initial complaint was on file and that it was being investigated. At this time, Defendants informed Plaintiff that his issue had now been forwarded to the "display engineering department."

7) Defendants have yet to cure any of the defects as to Plaintiff's television. Although there are countless others who have experienced the same problem, Defendants either cannot or will not offer a solution to said problems or otherwise repair or replace said televisions.

8) Based on inquiries from affected users, news outlet Cnet.com contacted Defendants and received a statement confirming that the problem was due to an "automatic control which adjusts an internal driving voltage at predetermined intervals of operational hours . . .[and that] as a result of this automatic voltage adjustment, background brightness will increase from its initial value." In other words, the minimum luminance level is designed to increase as the panel is used, directly resulting in lower contrast ratios and less desirable image quality. This is behavior that was not disclosed by Defendant Manufacturer to consumers in any fashion.

9) At the time of Plaintiff's notification to Defendants of said non-conforming conditions, the television's express warranty was still in full force and effect.

10) Plaintiff would not have purchased that television if he had known that the picture quality of the television would dramatically deteriorate.

11) Defendants knew but failed to disclose to consumers that the "automatic voltage adjustment" increase would increase the television set's background brightness and minimum luminance level to a point where the television suffers a lower contrast level and a less desirable image quality.

12) Despite this knowledge, Defendants made a corporate decision to conceal this material information from consumers. Moreover, Defendants made uniform misrepresentations about the quality and features of the subject television. In so doing, Panasonic has committed consumer fraud, as defined by New Jersey Stat. §§ 56:8-1 *et seq.*, breached its warranty obligations, and unjustly enriched itself under the laws of New Jersey.

13) Plaintiff therefore brings this action on behalf of a proposed nationwide class of similarly situated Panasonic Plasma television owners.

## PARTIES

14) Plaintiff, Shane Robert Hughes is an individual residing in and a citizen of the State of Alabama.

15) Defendant, Panasonic Consumer Electronics Company, is a division of Defendant, Panasonic Corporation of North America (hereinafter, "Panasonic"). Panasonic Corporation of North America is a Delaware corporation with its headquarters and principal place of business at 1 Panasonic Way, Secaucus, New Jersey 07094-2917. Defendants designed, tested, manufactured, marketed, advertised, warranted and sold the plasma televisions at issue throughout the United States.

## JURISDICTION AND VENUE

16) This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are 100 or more class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Additionally, at least one Class member is a citizen of a state different from Panasonic.

17) Venue in the United States District Court for the District of New Jersey is proper because Defendants reside, transact business and are found within this District and a substantial part of the events giving rise to the claims at issue in this Complaint emanated from this District.

## FACTUAL ALLEGATIONS

18) Defendants research, design, manufacture, advertise, market, sell and distribute a wide variety of electronics products, including Plasma televisions.

19) To create and maintain on screen images, Panasonic designs its televisions to cause voltage adjustments which, in turn, maintain overall picture quality. These voltage adjustments are a necessary characteristic of all plasma televisions.

20) With regard to 2008/2009 model year plasma televisions, Panasonic has defectively programmed and/or designed the televisions to rapidly cause voltage adjustments in excess of what is necessary to maintain picture quality over the television's lifespan. This defective programming or design results in lower contrast ratios and less desirable image quality as the color detail, depth and tone are no longer of the same quality as when purchased. It also causes prevalent Image Retention beyond that expected from a properly functioning plasma television.

21) In an effort to market the 2008/2009 model year plasma televisions, Panasonic represented to Plaintiff and the Class members through advertisements, marketing materials, warranties and product guides that its products feature industry leading black levels and contrast ratios.

22) Panasonic intended that consumers would rely—and Plaintiff and the Class members did rely—upon Panasonic's representations as to the black levels and contrast ratios of the aforesaid plasma television sets.

23) Plaintiff's plasma television suffered a deterioration in picture quality after only approximately 400 hours of use. Plaintiff's experience with his deterioration in picture quality is like that of other consumers who have purchased 2008/2009 Model Panasonic Viera Plasma televisions.

24) To date, Plaintiff and other Class members have been unable to ascertain what can be done to restore their televisions to the state the televisions were in prior to the deterioration of the picture quality as set forth herein.

25) Defendants' failure to inform Plaintiff and the Class members of the dramatic, sudden deterioration of picture quality within the first year of the television set's useful life has deprived the Plaintiff and the Class Members the benefit of his and their bargains.

26) Defendants were well aware or should have been aware that the voltage adjustments were improperly programmed and/or designed which would thereby cause deterioration to the picture quality of the affected television sets owned by the Plaintiff and other class members. Indeed, Defendants have received complaints from Plaintiff and other Class members of the deterioration in picture quality during the first year of the television sets' useful lives.

27) Despite the fact that Defendants know that the televisions' black levels and contrast ratios dramatically deteriorate in the first year of use along with an increase in Image Retention; its advertisements, marketing materials and warranties fraudulently and falsely fail to report that this negative change will occur. Plaintiff and the Class are subject to these false and fraudulent advertisements, marketing materials and warranties in purchasing the plasma televisions.

Defendants have made no efforts to correct its fraudulent advertisements, marketing materials or warranties. Rather, Defendants have continued to represent that the plasma televisions are functioning properly and as designed. Defendants have also refused to issue refunds or provide replacement televisions free of charge to Plaintiff or other Class member consumers who are either inside or outside the applicable warranty period.

28) Defendants obtain substantial revenues from its deceptive conduct by enticing consumers to buy its plasma televisions by advertising superior black levels and contrast ratios.

29) As a proximate result, Plaintiff and the Class have suffered damages, in that they have purchased plasma televisions that do not comport with the representations of Defendants as to image quality or available features and thus have been deprived of the benefit of his and their bargains.

## TOLLING

30) <u>Discovery Rule</u>. The New Jersey Consumer Fraud Act carries a six-year statute of limitations. This cause of action accrued when Plaintiff and other Class Members discovered that the picture quality their respective plasma television suddenly deteriorated, indicating that affected television sets may have a uniform inherent defect. Because Defendants concealed the fact that the voltage increases would suddenly deteriorate the televisions' picture quality, Plaintiff and all members of the Class did not discover and could not have discovered this fact through reasonable and diligent investigation until their plasma television sets picture quality suddenly deteriorated.

31) <u>Fraudulent Concealment Tolling</u>. The statute of limitations has been tolled by Defendants' knowing and active concealment of the facts as set forth herein. Defendants kept Plaintiff and members of the Class ignorant of vital information essential to the pursuit of their

claim, without any fault or lack of diligence on the part of Plaintiff or the Class. Plaintiff and the Class could not reasonably have discovered the fact that their picture quality would deteriorate due to a uniform inherent design defect.

32) <u>Estoppel.</u> Defendants were and are under a continuous duty to disclose to Plaintiff and the Class the true character, quality, and nature of the defective design of the televisions alleged to be affected herein, specifically the 2008/2009 models of Panasonic Viera Plasma televisions. At all relevant times, and continuing to this day, Defendants knowingly, affirmatively, and actively misrepresented and concealed the true character, quality, and nature of the plasma televisions. Plaintiff reasonably relied upon Panasonic's affirmative misrepresentations and knowing, affirmative, and/or active concealment. Based on the foregoing, Defendants are estopped from relying on any statutes of limitation in defense of this action.

## CHOICE OF LAW

### New Jersey's Substantive Law Applies to All Class Members

33) New Jersey's substantive laws apply to the proposed Class, as defined herein, because Plaintiff properly brings this Complaint in this District. A United States District Court sitting in diversity presumptively applies the substantive law of the State in which it sits.

34) New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution. New Jersey has a significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

35) Defendants' headquarters and principal place of business is located in Secaucus, New Jersey. Defendants also own property and conducts substantial business in New Jersey, and therefore New Jersey has an interest in regulating Defendants' conduct under New Jersey's laws.

Defendants' decision to make its principal place of business in New Jersey and avail itself of New Jersey's laws render the application of New Jersey law to the claims at hand constitutionally permissible.

36) New Jersey is also the State from which Defendants' alleged misconduct emanated. This conduct similarly injured and affected Plaintiff and the Class members residing in the United States. For instance, Defendants' marketing efforts relating to the Plasma televisions were created and orchestrated from its headquarters in New Jersey.

37) The application of New Jersey's laws to the proposed Class members is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of Plaintiff and all members of the proposed Class, and New Jersey has a greater interest in applying its laws here than any other State.

38) In the alternative, the Court may apply the substantially similar consumer protection laws of the 50 states and the District of Columbia.

## CLASS ALLEGATIONS

39) Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and as representative of a Class of individuals and entities who own or purchased any 2008/2009 model Panasonic Viera Plasma Televisions (collectively, the "plasma televisions").

40) Plaintiff brings this action as class representative to recover damages and/or refunds from Defendants' -for Defendants' consumer fraud as expressly defined in New Jersey Stat. 56:8-1 *et seq.*, warranty violations, and unjust enrichment under the laws of New Jersey.

41) This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a)(1-4) and (b)(1).

42) The Plaintiff Class is defined and proposed as follows: All individuals and entities who own or purchased 2008/2009 model Panasonic Viera Plasma Televisions.

43) Collectively, these persons will be referred to as the "Class" or "Plaintiff Class."

44) Excluded from the Plaintiff Class are:

    a. Defendants and any entities in which Defendants have a controlling interest;

    b. Any entities in which Defendants' officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendants;

    c. The Judge to whom this case is assigned and any member of the Judge's immediate family and to any other judicial officer assigned to this case;

    d. Claims for personal injury, wrongful death and/or emotional distress;

    e. All persons or entities that properly execute and timely file a request for exclusion from the Class;

    f. Any attorneys representing the Plaintiff or the Class; and

    g. All governmental entities.

45) <u>Numerosity of the Class – Fed. R. Civ. P. 23(a)(1)</u>. The Class members are so numerous that their individual joinder is impracticable. The exact number or identification of the Class members is presently unknown, but it is believed that the Class members number at least in the thousands. The identity of the Class members is ascertainable. The Class members may be informed of the pendency of this Class action by a combination of direct mail and public notice, or other means.

46) <u>Existence and Predominance of Common Questions of Law and Fact – Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>. Common questions of law and fact exist as to all the Class members and

predominate over questions affecting only individual Class members. These common questions include the following:

   a) Whether Defendants knew or should have known that the defective automatic voltage adjustment would cause black levels to increase, contrast ratio to decrease, picture quality to deteriorate dramatically, that Image Retention would substantially increase;

   b) Whether the facts Defendants misrepresented to Plaintiff and the Class were material as defined by the New Jersey Consumer Fraud Act;

   c) Whether Defendants made a misrepresentation and/or false promise, or concealed, suppressed or omitted any material fact with intent that consumers rely on such concealment or omission in connection with the sale or advertisement of any merchandise, which is prohibited by the New Jersey Consumer Fraud Act;

   d) Whether Defendants' conduct breached the implied warranty of merchantability;

   e) Whether Defendants' representations regarding the plasma televisions black level and contrast ratio created an express warranty, and if so, whether Defendants' conduct breached that express warranty;

   f) Whether Defendants were unjustly enriched at the expense of Plaintiff and the Class members;

   g) Whether Plaintiff and the Class members suffered any ascertainable loss of money or property as a result of the false promise or misrepresentation, or concealment or omission of material fact; and

h) Whether Plaintiff and the Class members are entitled to recover damages, including refunds, treble the damages sustained, interest, attorneys' fees, filing fees, and reasonable costs of suit for Defendants' injury to them.

47) <u>Typicality – Fed. R. Civ. P. 23(a)(3)</u>. Plaintiff's claims are typical of claims of the members of the Class, all of whom own or purchased 2008/2009 model Panasonic Viera plasma televisions.

48) <u>Adequacy of Representation – Fed. R. Civ. P. 23(a)(4); 23(g)(1)</u>. Plaintiff is an adequate representative of the Plaintiff Class because he is a member of the Plaintiff Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff is represented by experienced and able counsel that has litigated numerous class actions, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the entire Class. Plaintiff and his counsel can fairly and adequately protect the interests of the members of the Class.

49) <u>Superiority – Fed. R. Civ. P. 23(b)(3)</u>. The class action is the best available method for the efficient adjudication of this litigation because individual litigation of the Class's claims would be impracticable and individual litigation would be unduly burdensome to the courts. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I

### New Jersey Consumer Fraud Act

Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

50) Plaintiffs and the Class members are consumers who own or purchased 2008/2009 Model Panasonic Viera Plasma Televisions primarily for personal, family or household purposes. The plasma televisions are "goods," "merchandise," or "services," and Plaintiff's and the class members' purchases each constituted a "transaction." Defendants' sale of the plasma televisions through its distribution network occurs in the regular course of Defendants' business.

51) Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, which provides in part that the use by any person of "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation," or "the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission," in connection with the sale or advertisement of any merchandise or the subsequent performance of such person is unlawful.

52) Defendants, through their advertising literature and product specifications, used an unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation in connection with the sale of the plasma televisions by falsely promising and representing that the plasma televisions would exhibit and maintain industry leading black levels, high contrast ratios, and overall excellent picture quality even though Panasonic knew that automatic voltage increase would deteriorate the black level, contrast ratio and picture quality long before the useful life of the television would end. Panasonic continues to misrepresent the performance of these televisions to this day though it has acknowledged that voltage increases do occur.

53) Defendants knowingly concealed or omitted the material fact that the aforesaid deterioration would dramatically occur, with the intent that Plaintiff and the Class rely upon that

concealment, suppression or omission to purchase the plasma televisions all as prohibited by the New Jersey Consumer Fraud Act.

54) Defendants continue to conceal those facts to this day while acknowledging the automatic voltage increase still touting the overall picture quality and performance of the plasma televisions.

55) Plaintiff and reasonable consumers like him were deprived of the Defendants' knowledge that the televisions would suffer dramatic, sudden picture quality deterioration and a failure of advertised features. Plaintiff and members of the Class suffered ascertainable loss of money or property as a result of Panasonic's deception, fraud, false pretenses, false promises, misrepresentations, concealments, suppressions, or omissions, all as defined under the New Jersey Consumer Fraud Act.

## COUNT II

### Breach of Express Warranty

Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

56) Panasonic has provided to Plaintiff and the Class members an express warranty in the form of written affirmations of fact promising that the plasma televisions will be free of defect for one calendar year from date of purchase. Pursuant to the express warranty created by those affirmations of fact, Defendants are obligated to repair and/or service any defects or problems with the plasma televisions that Plaintiff and the Class members experienced. In exchange for these duties and obligations, Defendants received payment of the purchase price for the plasma televisions from Plaintiff and the Class members.

57) Defendants breached the express warranty created by its affirmations of fact regarding the black levels, contrast ratio, and picture quality because the televisions do not perform as promised in those affirmations.

58) As described above, Plaintiff and the Class members' televisions did not conform to Defendants' affirmations of fact regarding black level, contrast ratio and picture quality.

59) This defect is due to fundamental design, engineering, and manufacturing errors well within Defendants' area of experience and expertise and which were and are present when the plasma televisions leave Defendants' control.

60) The written warranty provided by Defendants to Plaintiff and the Class members is expressly limited, with regard to the televisions, to a period of one year from date of purchase and specifically excludes any coverage for or damage that occurs as a result of Image Retention.

61) The time limit and Image Retention subject matter limitation of the written warranty are unconscionable and unenforceable because: a) Defendants, prior to selling the plasma televisions, were aware of the defect causing the black level, contrast ratio and picture quality to deteriorate and knew or should have known that the television performance would deteriorate; and b) Defendants, prior to selling the plasma televisions, were aware of the defect causing Image Retention to dramatically increase along with the picture quality deterioration.

62) Defendants had superior knowledge of the Plasma televisions and knew or should have known the warranty would not provide adequate coverage;

63) Plaintiff and the Class had no meaningful choice in determining the warranty's time and subject matter limitations; the terms of the limited warranties unreasonably favor Defendants over Plaintiff and the Class members; and a gross disparity in bargaining power existed between Defendants and Plaintiff and the Class Members.

64) In addition, the remedy provided by Defendants under the written warranty fails of its essential purpose. Plaintiff and the Class members have received no repair or replacement of the defective plasma televisions.

65) As a result of the foregoing, Plaintiff and the Class members have suffered damages that were directly and proximately caused by Defendants' conduct and by the defect causing the television's performance and picture to deteriorate as set forth herein. Plaintiff and the Class members are entitled to damages in an amount to be determined at trial.

## COUNT III

### Breach of Implied Warranty of Merchantability

Plaintiff incorporates the above allegations by reference as if fully set forth herein.

66) Defendants are merchants with respect to 2008/2009 Model Panasonic Viera Plasma Televisions.

67) At the time Plaintiff and the Class members purchased their plasma televisions, Defendants represented that the plasma televisions had industry leading black levels, a high contrast ratio and superior picture quality. Implied in Defendants' representations is that the plasma televisions would continue to function for their useful life and that the plasma televisions were free of defects and suitable for use.

68) Defendants have brought themselves into privity with Plaintiff and the Class members by warranting the Plasma televisions to them directly and/or through the agency doctrine.

69) Because the plasma televisions' image quality deteriorates as set forth herein, Plaintiff's and the Class members' plasma televisions do not operate as represented, and the plasma televisions are not fit for their ordinary purpose of providing plasma display technology to the user.

70) As a result, Plaintiff and the Class members have suffered or will suffer ascertainable loss of money and property as a direct and proximate result of Defendants' practices.

## COUNT IV

### Unjust Enrichment

Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

71) Plaintiff and the Class members purchased their Plasma televisions from Defendants to provide plasma display technology.

72) Defendants failed to disclose that the picture quality of the plasma televisions would dramatically deteriorate in during the first year of use due to the defective design as set forth previously herein.

73) Plaintiff and the Class members purchased the Plasma televisions without Defendants disclosing to them that they would need to incur significant costs to repair or replace their plasma televisions long before the expiration of the expected useful life.

74) By purchasing the Plasma televisions, Plaintiff and the Class members conferred a benefit upon Defendants, without knowledge that the Plasma display picture would deteriorate prematurely and require out of pocket costs to replace.

75) Defendants knowingly accepted and retained this non-gratuitous benefit conferred on it by Plaintiff and the Class members despite their knowledge that the picture quality would deteriorate due to the improper voltage adjustment.

76) Plaintiff and the Class members must spend (or have spent) hundreds or thousands of dollars to replace their failed Plasma televisions with properly operating televisions of other manufacturers.

77) Defendants have been unjustly enriched in retaining the payments paid by Plaintiff and the Class members for the Plasma televisions and in avoiding the financial obligations associated with honoring its express and implied warranties.

78) Defendants' retention of the non-gratuitous benefit conferred by Plaintiff and the Class members under these circumstances is unjust and inequitable.

79) No other remedy at law can adequately compensate Plaintiff and the Class members for the economic damages resulting to them from Defendants' wrongful actions as alleged herein.

80) Because Defendants' retention of the non-gratuitous benefit conferred on it by Plaintiff and the Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all Class members he seeks to represent and demand judgment against Defendants as follows:

   a. An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representatives and his attorneys as Class Counsel to represent the Class members;

   b. An order declaring that the Panasonic Defendants' conduct violates the New Jersey Consumer Fraud Act;

   c. An order declaring that the Panasonic Defendants breached its express warranty, the implied warranty of merchantability and was unjustly enriched;

   d. An order entering judgment in favor of Plaintiff and the Class members against the Panasonic Defendants;

e. An order awarding damages against the Panasonic Defendants in favor of Plaintiff and Class members in an amount to be determined by the Court as fair and just for the Panasonic Defendants' wrongful conduct;

f. An order awarding Plaintiff and Class members prejudgment interest on any damages awarded by the Court;

g. An order of restitution and all other forms of equitable monetary relief;

h. Injunctive relief as pleaded or as the Court may deem proper; and

i. An order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: February 12, 2010.

Respectfully submitted,

Richard Golomb
**GOLOMB & HONIK**
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177